UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LEONARDO WORLD CORPORATION, | ) ) | Case No. 5:15-mc-80165-PSG |
| Plaintiff, | ) ) ) | **ORDER GRANTING-IN-PART MOTION TO QUASH SUBPOENA IN CIVIL CASE** |
| v. | ) ) | |
| PEGASUS SOLUTIONS, INC., | ) ) | **(Re: Docket No. 1)** |
| Defendant. | ) ) | |

Once again, the court confronts the question of exactly what data may be subpoenaed from a third-party service provider. Once again, the third-party provider is Google. In *Optiver Australia Pty. Ltd. & Anor v. Tibra Trading Pty. Ltd & Ors.*, the court held that "[t]he SCA [Stored Communication Act] prohibits *any* knowing disclosure by service providers of the content of electronic communications, no matter how insignificant."[1] Here, the parties agree that content is off limits; where they disagree is whether certain non-content in a Gmail account assigned to third-party Chris Wickers should be produced. Because the subpoena focuses on material reasonably likely to lead to the discovery of admissible evidence and is not otherwise unduly burdensome,[2] the court GRANTS Wickers' motion to quash, but only IN-PART.

---

[1] Case No. 12-cv-80242, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013).

[2] *See* Fed. R. Civ. P. 26(b)(1).

1

Case No. 5:15-mc-80165-PSG
ORDER GRANTING-IN-PART MOTION TO QUASH SUBPOENA IN CIVIL CASE

**I.**

Leonardo provides digital content management and other services for hotels, hotel chains, hotel reservation processing intermediaries, online travel agencies and other travel-related websites.[3] Pegasus operates an online switch for processing hotel reservations, servicing nearly 100,000 hotels world-wide.[4]

Several years ago, Leonardo and Pegasus entered into a strategic partnership wherein Leonardo became the exclusive provider of visual content pertaining to the hotels serviced by Pegasus for use on Pegasus's online reservation switch.[5] But the partnership eventually ran its course, and the parties terminated the strategic partnership agreement.

Pegasus allegedly took umbrage at the breakup and sent messages to the so-called "Leonardo Hotel Chains" and certain online travel agencies that somehow caused the hotels and agencies to terminate their contracts with Leonardo or avoid any direct relationships with Leonardo in the first place.[6] In response, Leonardo sued Pegasus in the Northern District of Texas. In its most recent amended complaint, Leonardo alleges claims of: (1) tortious interference with contracts; (2) unfair competition; and (3) tortious interference with prospective contracts.

Wichers is the former Chief Sales Officer at Pegasus.[7] Wichers was in charge of Pegasus's communications with its hotel chain customers and its online travel agency customers regarding the termination of the SPA and the hotels' options going forward.[8] Wichers is alleged to have sent broadcast emails and other communications in June and July 2014 to hotel chains and online travel agencies at issue in the lawsuit.[9] On November 3, 2014, Wichers and Pegasus parted ways.[10]

---

[3] *See* Docket No. 1-1 at ¶ 7.

[4] *See id.* at ¶ 8.

[5] *See id.* at ¶ 9.

[6] *See id.* at ¶¶ 20-65.

[7] *See* Docket No. 1, Wichers Decl., at ¶¶ 2-3.

[8] *See id.* at ¶ 2.

[9] *See id.* at ¶ 3; *see also* Docket No. 1-1 at ¶¶ 20-48.

[10] *See* Docket No. 1, Wichers Decl., at ¶ 5.

2
Case No. 5:15-mc-80165-PSG
ORDER GRANTING-IN-PART MOTION TO QUASH SUBPOENA IN CIVIL CASE

Leonardo deposed Wichers earlier this year. During the deposition, Leonardo's counsel served Wichers with notice of a subpoena it served on Google for information from Wichers' Gmail account. The subpoena included four specific requests:

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS sufficient to show the recipient(s), sender, date sent, date received, date read, and the date deleted of emails, email attachments, or Google Talk messages sent or received between January 1, 2014 to the present, that were sent to or from chris.wichers@gmail.com, INCLUDING emails that have been deleted by and are no longer accessible to the user of the chris.wichers@gmail.com account.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show the recipient(s), sender. date sent, date received, date read, and the date deleted of emails, email attachments, or Google Talk messages sent or received between January 1, 2014 to the present, that were sent to or from chriswichers@gmail.com, INCLUDING emails that have been deleted by and are no longer accessible to the user of the chriswichers@gmail.com account.

**REQUEST FOR PRODUCTION NO.3:**

DOCUMENTS sufficient to show the subscriber information related to the email address, chris.wichers@gmail.com, INCLUDING the names, addresses, telephone numbers, and email addresses of such PERSONS or ENTITIES.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show the subscriber information related to the email address, chriswichers@gmail.com, INCLUDING the names, addresses, telephone numbers, and email addresses of such PERSONS or ENTITIES.[11]

Wichers now moves to quash.

## II.

Because the subpoena issued to Google, a service provider headquartered in this district, this court has jurisdiction over Wichers' motion pursuant to Fed. R. Civ. P. 45(d)(3)(a).

## III.

Civil subpoenas are subject to the restrictions of the SCA. Congress passed the SCA in 1986 because "the advent of the Internet presented a host of potential privacy breaches that the

---

[11] Docket No. 1-2, Ex. A, at 4.

Fourth Amendment does not address."[12]  The SCA prohibits service providers from knowingly disclosing the contents of a user's electronic communications.[13]  The SCA states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."[14]  The "contents" of a "wire, oral, or electronic communication" are defined as "any information concerning the substance, purport, or meaning of that communication."[15]

As a threshold matter, Wickers clearly has standing to move to quash.  This court has held that any individual with personal rights and privileges with regard to personal email has standing to request an order quashing a third party subpoena.[16]  Leonardo does not even argue otherwise.

Although the requests, and particularly the first set of requests, could be read to require production of content, Leonardo disclaims any interest in content from the account.  And so the court turns to whether any non-content information demanded is improper.[17]  The court concludes that, with two narrow exceptions, it is not.

First, the information sought is plainly relevant, at least to Leonardo's breach of contract and tortious inference claims.  Leonardo's breach-of-contract claim centers on the allegation that Wichers used his Gmail account to forward confidential Leonardo information to a Leonardo competitor in violation of the SPA.[18]  Leonardo's tortious interference and unfair competition

---

[12] *Optiver*, 2013 WL 256771, at *1 (quoting *Quon v. Arch Wireless Operating Co., Inc.*, 529 F.3d 892, 900 (9th Cir. 2008), *rev'd in part on other grounds sub nom. City of Ontario, Cal. v. Quon*, 560 U.S. 746 (2010)).

[13] *See* 18 U.S.C. §§ 2701-2712.

[14] *Id.* § 2702(a)(1).

[15] *Id.* §§ 2711(1), 2510(8).

[16] *See Chasten v. Franklin*, Case No. 10-cv-80205, 2010 WL 4065606, at *1-2 (N.D. Cal. Oct. 14, 2010) (finding an individual has standing to move to quash a subpoena seeking personal documents and details of email accounts from third-parties, as they have a personal interest in the documents sought).

[17] *Cf. Obodai v. Indeed, Inc.*, Case No. 13-cv-80027, 2013 WL 1191267, at *3-4 (N.D. Cal. Mar. 21, 2013).

[18] *See* Docket No. 4-5 at ¶¶ 43-54, 137.

claims include allegations that Wichers sent false or misleading statements to Leonardo's customers.[19]

Second, the time period designated is appropriate. Leonardo's subpoena seeks information for documents from January 1, 2014 to present. While the tortious interference claims focus on communications between May and August, 2014, Leonardo's other claims are not so tethered. The undersigned also notes that in resolving a party discovery dispute, the district court presiding over this case ordered production of documents outside this limited time frame.[20]

The one exception concerns emails after November 3, 2014, the day Wichers left Pegasus. Leonardo argues that such emails also should be produced because they "clearly could shed light on the actions by Pegasus and Mr. Wichers that form the basis of Leonardo's lawsuit."[21] But beyond its speculation that Wichers may have continued to use his personal email account to communicate with individuals at ICE Portal and/or Pegasus, Leonardo offers nothing specific or concrete to justify its demand for materials after Wichers and Pegasus separated.

The other exception is that information should only be produced for emails to and from Wichers' Gmail account to and from email addresses ending in "iceportal.com" or "pegasus.com." This is consistent with the scope of Leonardo's proffered justification for the subpoena, and Leonardo does not seriously argue otherwise.

## IV.

Wichers' motion to quash is GRANTED-IN-PART. Google shall make its production consistent with this order in no less than 21 days.

**SO ORDERED.**

Dated: September 24, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[19] *See* Docket No. 4-5 at ¶¶ 109-126.

[20] *See* Docket No. 5-10.

[21] Docket No. 4-2 at 8.